United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GONZALES,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; et al.,

    Defendants.
                                      /

No. C 10-1317 SI (pr)

**ORDER TO SHOW CAUSE**

Ricky Gonzales, currently incarcerated at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Gonzales complains about the decisions to place him in administrative segregation as an affiliate of the Northern Structure ("NS") prison gang. His 61-page complaint contains some factual allegations, but also is laden with legal argument and peripheral discussions about gang validation procedures. He asserts numerous legal theories of relief – e.g., retaliation, interference with numerous First Amendment rights, violation of equal protection rights, Eighth Amendment claims, and numerous state law claims – but all his claims are based on the gang validation decision-making process in 2007.

Gonzales also filed state court actions concerning his gang validation. He filed petitions for writ of habeas corpus in the Del Norte County Superior Court and the California Court of Appeal. The precise scope of the state habeas actions is somewhat uncertain because Gonzales did not attach his state habeas petitions to his federal civil rights complaint. However, he did

attach the state's "return to order to show cause; memorandum of points and authorities" in <u>In re Ricky Gonzalez</u>, Del Norte County Superior Court No. HCPB08-5084. That return explained that Gonzales was not challenging his underlying conviction but instead was challenging the gang validation decision. <u>See</u> Complaint, appx. 7. Although Gonzales did not attach the state superior court's order resolving that habeas petition,[1] it can be inferred that the petition was denied or dismissed because he also filed a habeas petition in the California Court of Appeal. That habeas petition summarily was denied by the California Court of Appeal on November 23, 2009. <u>See</u> Complaint, Exh. 2. Gonzales' state court activities cause concern as to whether he has come to federal court to get a second bite at the apple.

The related doctrines of res judicata and collateral estoppel limit litigants' ability to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action preludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). Res judicata bars not only every claim that was raised in state court but also bars the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. <u>See</u> <u>McClain v. Apodaca</u>, 793 F.2d 1031, 1034 (9th Cir. 1986); <u>see, e.g.</u>, <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 957-58 (9th Cir. 2002) (holding that ERISA claim was barred where plaintiff's prior action had been dismissed because his state law claim was preempted by ERISA and he had failed to amend the prior complaint to state a valid ERISA claim); <u>Smith v. City of Chicago</u>, 820 F.2d 916, 920 (7th Cir. 1987) (claim preclusion applies where single core of

---

[1] The one superior court order he did attach was from another case. <u>See</u> Complaint, Exh. 1 (order denying petition for writ of habeas corpus in <u>In re: Ricky Gonzales</u>, Del Norte County Superior Court No. HCPB09-5191).

operative facts forms basis of both lawsuits and plaintiff neglected to raise § 1983 claim until years after it occurred and not until adverse judgment was rendered on cause of action for employment discrimination); Fleming v. Travenol Laboratories, Inc., 707 F.2d 829, 834 (5th Cir. 1983) (claim preclusion applies where factual basis for Title VII claim is same as factual basis for § 1983 claim raised earlier; even though legal theory is different, same wrong is sought to be vindicated in each instance and plaintiff could have amended prior action to include Title VII claim).

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). A civil rights claim brought under 42 U.S.C. § 1983 in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. See Allen, 449 U.S. at 97-98 (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); Migra, 465 U.S. at 84 (extending rule of Allen to cover claim preclusion as well as issue preclusion).

A civil rights action under § 1983 thus may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant. See Takahashi v. Bd. of Trustees, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1976)). State habeas proceedings also can have issue or claim preclusive effect on later § 1983 actions. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

The limited state court records attached to the complaint in this action suggest that the complaint filed in this action would repeat that which has already been litigated (or could have been litigated) in the Del Norte County Superior Court action. Accordingly, plaintiff must show cause in writing no later than **November 5, 2010** why this action should not be dismissed as barred by the doctrines of res judicata and collateral estoppel. Plaintiff must attach to his written

3

response copies of (a) the petition he filed in Del Norte County Case No. HCPB08-5084, (b) any of that court's orders that resolved the petition, and (c) his petition in California Court of Appeal Case No. A126760.  Failure to file a response (including the required documents identified in the preceding sentence) by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 29, 2010

SUSAN ILLSTON
United States District Judge