UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY LIONEL WHITE,                                No. C 10-4555 SI (pr)

          Petitioner,                         **ORDER ON INITIAL REVIEW**

     v.

B. M. CASH, warden,

          Respondent.
_____/

## INTRODUCTION

Larry Lionel White, a prisoner at the California State Prison in Lancaster, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His third amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

White's petition discloses that he was convicted in San Francisco County Superior Court of several counts of kidnapping and rape. He was sentenced to 50 years to life in prison. He appealed; his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2010.

White then filed this action and, over the course of several months, filed numerous documents to present and support his claims. He filed a petition (docket # 1) that had four claims; some exhibits (docket # 4), without any explanation of their purpose; an "addendum grounds for relief" (docket # 7) that apparently added three new claims; an "amended writ of habeas corpus" (docket # 8) with nine claims that, at least in their numbering, do not match the

claims in his earlier filings; an "addendum to amended petition of writ of habeas corpus" (docket # 9) with a tenth claim; a second amended petition (docket # 10); a third amended petition (docket # 11); and another exhibit (docket # 12).

## DISCUSSION

A.     Review Of Third Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

The third amended petition (docket # 11) supersedes all the earlier petitions and amendments.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint").   The court now reviews the claims in the third amended petition.

In Claim One, White contends that his Fifth Amendment right against self-incrimination was violated in two ways.  The portion of the claim that alleges that he was questioned by police inspector Kidd without first being given his Miranda rights, liberally construed, is cognizable in a federal habeas action.  The other portion of the claim alleged that White's Fifth Amendment rights were violated because he was forced to give an oral reference swab , and is dismissed without leave to amend for the reason explained in the next paragraph.

In Claim Two, White contends that his Fifth Amendment right against self-incrimination was violated when he was compelled by inspector Kidd to submit an oral reference swab, i.e., a DNA sample.  In Claim Eight, White contends that his Fifth Amendment right was violated when the court ordered him to produce saliva samples for DNA comparison.  The extraction of a defendant's DNA does not violate his Fifth Amendment rights because blood samples and

DNA profiles are physical, rather than testimonial.  See United States v. Reynard, 473 F.3d 1008, 1021 (9th Cir. 2007) (holding that the compelled extraction of defendant's blood under the DNA Act did not violate his Fifth Amendment right against self-incrimination).  Claim Two and Claim Eight are dismissed without leave to amend because the taking of samples of White's DNA did not violate his Fifth Amendment rights.

In Claim Three and Claim Seven, White contends that his right to be free from ex post facto laws was violated because he was prosecuted for offenses after the original limitations period for such prosecution expired.   Liberally construed, the ex post facto claims appear cognizable.  See generally  Stogner v. California, 539 U.S. 607 (2003).

In Claim Four, White contends that he was denied due process when the prosecutor engaged in misconduct.   Liberally construed, the claim is cognizable.   See   Darden v. Wainwright, 477 U.S. 168 (1986).

In Claim Five, White alleges that he was denied his Sixth Amendment right to a speedy trial because he had to stay in jail for 2 years and 9 months awaiting trial.  Liberally construed, the Sixth Amendment speedy trial claim is cognizable.

Claim Six is a Fourth Amendment claim.  White alleges that his right to be free from unreasonable search and seizure was violated because there was an unreasonable search and seizure of his residence and a warrantless arrest.  Federal habeas review of Fourth Amendment claims is not available unless the state did not provide an opportunity for full and fair litigation of those claims.  See Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976).  Even if the state court's determination of the Fourth Amendment issues is improper, it will not be remedied in a federal habeas corpus action as long as the petitioner was provided a full and fair opportunity to litigate the issue.  See Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).  California state procedure provides an opportunity for full litigation of any Fourth Amendment claim.  See Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law).  The Fourth Amendment claim is barred by Stone v. Powell and therefore dismissed without leave to amend.

1    In Claim Nine, he contends that the evidence was insufficient to support the kidnapping

2    convictions in count 3 and 5.  Liberally construed, this claim is cognizable because the Due

3    Process Clause "protects the accused against conviction except upon proof beyond a reasonable

4    doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship,

5    397 U.S. 358, 364 (1970).

6    In Claim Ten, White alleges that the amendment of the indictment at trial to add a third

7    kidnapping for robbery charge was improper.  This appears to be an attempt to allege a violation

8    of his Sixth Amendment right to be notified of the nature and the cause of the accusation against

9    him.  See generally Gautt v. Lewis, 489 F.3d 993 (9th Cir. 2007); Jones v. Smith, 231 F.3d 1227

10   (9th Cir. 2001).  Construing the claim liberally, it appears to be cognizable in a federal habeas

11   action.

12   To summarize, some claims can go forward and some must be dismissed.  The claims that

13   can proceed in federal habeas are Claim One (insofar as it alleges he was interrogated without

14   being advised of his Miranda rights), Claim Three, Claim Four, Claim Five, Claim Seven, Claim

15   Nine and Claim Ten.   The claims that are dismissed are Claim One (insofar as it alleges a Fifth

16   Amendment violation based on DNA sampling), Claim Two, Claim Six and Claim Eight.

17   Although some of the claims can proceed in federal habeas, the court will not order respondent

18   to file an answer to the petition now, and instead will wait for White to deal with the exhaustion

19   problem discussed in the next section.

20

21   B.    The Exhaustion Problem

22   Prisoners in state custody who wish to challenge either the fact or length of their

23   confinement in federal court by a petition for writ of habeas corpus are first required to exhaust

24   state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

25   the highest state court available with a fair opportunity to rule on the merits of each and every

26   issue they seek to raise in federal court.  28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S.

27   129, 133-34 (1987).

28   White recently filed a document entitled "statute of limitations period for state court

4

exhaustion of remedies for federal court" (docket # 13) in which he stated that he realized that his appellate counsel "did not file a scintilla of evidence for constitutional issues to be in his court of appeal state court to exhaust for federal purposes," and that "all petitioner constitutional issues have been filed in the State of California Superior Court City and County of San Francisco for federal court purpose on 2/23/2011 the documents were placed in institutional U.S. mail."  Docket # 13 (errors in source).

The court understand White's filing to mean that he has not exhausted state court remedies for one or more of the claims he has presented for federal habeas review.[1]  The exhaustion problem needs to be addressed because the court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition.  See Rose v. Lundy, 455 U.S. 509, 522 (1982); cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving White the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before having this court consider all his claims.  Accordingly, instead of an outright dismissal of the action, the court will allow White to choose whether he wants to –

(1) dismiss the unexhausted claim(s) and go forward in this action with only the exhausted claim(s)s, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim(s) in state court.

---

[1]This court's understanding that White is conceding an exhaustion problem is consistent with the California Court of Appeal's opinion for White's direct appeal.  That opinion indicates that the appeal presented only one claim (i.e., insufficiency of the evidence of fear to support the kidnapping conviction).  See People v. White, 2010 WL 2782882 (Cal. Ct. App. 2010).

White is cautioned that the options have risks which he should take into account in deciding which option to choose.  If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition.  See 28 U.S.C. § 2244(b).  If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred.  See 28 U.S.C. § 2244(d).  If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court.  And under option (3), this action stalls:  this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines v. Weber, 544 U.S. 269 (2005), the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277.  A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  Id. at 277-78.  Any stay must be limited in time to avoid indefinite delay.  Id.  Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court.  See id. at 278; Kelly v. Small, 315 F.3d at 1071.

Finally, the court notes that White stated that he recently filed something presenting his constitutional issues to the Superior Court.  The exhaustion rule requires that the claims be presented to the California Supreme Court, and not just to the San Francisco County Superior Court.  A claim will not be considered exhausted unless and until the claim has been presented

1    to the California Supreme Court so that court has a fair opportunity to rule on the merits.

2

3                                    **CONCLUSION**

4         The claims that can proceed in federal habeas are Claim One (insofar as it alleges he was

5    interrogated without being advised of his <u>Miranda</u> rights), Claim Three, Claim Four, Claim Five,

6    Claim Seven, Claim Nine and Claim Ten.  Claim One (insofar as it alleges a Fifth Amendment

7    violation based on DNA sampling), Claim Two, Claim Six and Claim Eight are dismissed

8    without leave to amend.

9         Petitioner must file, no later than **April 29, 2011**, a notice in which he states whether he

10   elects to (1) dismiss the unexhausted claim(s) and go forward in this action with only the

11   remaining claim(s), or (2) dismiss this action and return to state court to exhaust all of his claims

12   before returning to federal court to present all of his claims in a new petition, or (3) move for a

13   stay of these proceedings while he exhausts his state court remedies for the unexhausted

14   claim(s).  If he chooses Option (1) or Option (2), his filing need not be a long document; it is

15   sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:

16   "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review."

17   Petitioner would have to insert a number in place of the blank space to indicate which of the first

18   two options he chooses.  If he chooses Option (3), no later than **April 29, 2011**, petitioner must

19   file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in

20   state court before presenting them to this court, that his claims are not meritless, and that he is

21   not intentionally delaying resolution of his constitutional claims.

22        Petitioner's <u>in forma pauperis</u> applications are DENIED.  (Docket # 2, # 6.)  Petitioner

23   never provided the required trust account statement to complete the applications, but that

24   problem has been made moot by the fact that he paid the filing fee.

25        IT IS SO ORDERED.

26   DATED: March 10, 2011

                                            _____
27                                              SUSAN ILLSTON
                                              United States District Judge
28

                                            7