UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY GONZALES, | No. C 10-1317 SI (pr) |
| Plaintiff, | **ORDER FOR AMENDED COMPLAINT** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

## INTRODUCTION

On March 22, 2011, this *pro se* prisoner's civil rights action was dismissed because nineteen of the twenty claims in the complaint were barred by the doctrine of res judicata and plaintiff lacked standing to assert the twentieth claim. *See* Docket # 13. The court also denied plaintiff's "conditional" request to amend the complaint. *See id.* at 12. Plaintiff appealed. The Ninth Circuit affirmed in part, reversed in part, and remanded the action in *Gonzales v. California Dept. of Corr.*, 739 F.3d 1226 (9th Cir. 2014), and issued its mandate on February 11, 2014. It is now time to resume the litigation in this court. As explained below, plaintiff will be given leave to file an amended complaint because his complaint is deficient as to the one claim on which the Ninth Circuit reversed, and plaintiff has indicated he wants to file an amended complaint to assert an additional claim.

## DISCUSSION

A.  <u>All The Claims Based On The Gang Validation Have Been Resolved Against Plaintiff</u>

In his complaint filed under 42 U.S.C. § 1983, plaintiff complained about the decisions to place him in administrative segregation as an affiliate of the Northern Structure ("NS") prison gang. He asserted numerous legal theories of relief – e.g., retaliation, interference with numerous First Amendment rights, violation of equal protection rights, Eighth Amendment claims, and numerous state law claims – but (with the exception of his debriefing claim discussed in the next section) *all* his claims were based on the gang validation decision-making process in 2007 and resulting ad-seg placement.

This court dismissed all of these claims as barred by the doctrine of res judicata. *See* Docket # 13.

On appeal, the Ninth Circuit held that the "district court properly concluded that the claim-preclusive effect of California's denial of [plaintiff's] habeas petition bars nineteen of Gonzales's twenty counts." *See Gonzales*, 739 F.3d at 1235. As a result of the Ninth Circuit's ruling, this very large portion of plaintiff's case is now finished. He may not reassert any claims about the validation process, including the sufficiency of the evidence to support the validation, in his amended complaint.

B.  <u>Plaintiff Has Standing To Assert His Eighth Amendment Claim Regarding Debriefing</u>

This court dismissed for lack of standing plaintiff's claim that debriefing amounts to cruel and unusual punishment because it forces him to become an informant and puts him in danger from other gang affiliates. *See* Docket # 1-2 at 43; Docket # 13 at 4 & n.4. "Debriefing" is the process that requires the validated inmates to admit they are gang affiliates, identify other gang affiliates, and reveal everything they know about the gang's activities and organizational structure. *See Madrid v. Gomez*, 889 F. Supp. 1146, 1241 (N. D. Cal. 1995). This court stated that it did not need to "determine whether, in some circumstances, the debriefing requirement would violate an inmate's Eighth Amendment rights because plaintiff has consistently denied any involvement in the gang. Assuming his denial of involvement in the gang is truthful, his

2

problem is one of impossibility, not that debriefing might endanger him; i.e., plaintiff cannot debrief even if he wants to. Having alleged no facts which would suggest that [he] could debrief, plaintiff lacks standing to challenge the debriefing policy on Eighth Amendment grounds." Docket # 13 at 4 & n.4 (citing *Powers v. Ohio*, 499 U.S. 400, 410 (1991)).

The Ninth Circuit reversed and remanded the Eighth Amendment claim, explaining:

> Gonzales's complaint, construed liberally, *see, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.2012), does not allege that it is impossible for him to debrief, but that it is impossible for him to debrief successfully. As an adjudicated gang member, he is eligible to debrief, regardless of whether he is, in fact, a member of Northern Structure. Of course, if his allegations are true, he will not be able to convince prison officials that he has renounced his non-existent gang membership, a requirement to debrief successfully. But the risk of retaliation from other gang members — as alleged in his complaint — inheres in becoming an "informant," regardless of whether his information is accurate.
>
> Construed liberally, Gonzales's complaint alleges that he would attempt to debrief, which he is eligible to do, but for the risk of retaliation. That is sufficient to establish standing.

*Gonzales*, 739 F.2d at 1235.

Although the Ninth Circuit found that plaintiff had standing to assert a claim regarding the debriefing process – i.e., "that he would attempt to debrief . . . but for the risk of retaliation" by other gang members, *id.* – neither that court nor this one ever considered whether plaintiff had stated a claim upon which relief could be granted against any defendant. But plaintiff links no defendant to his claim. Plaintiff must file an amended complaint in which he adequately pleads an Eighth Amendment claim, links defendants, and includes a prayer for relief pertaining to the debriefing policy.

Deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As the Eighth Amendment claim apparently is a challenge to a state-wide or prison-wide debriefing policy, plaintiff may consider naming as defendants the Secretary of the California Department of Corrections and Rehabilitation and/or the warden of his prison if one or both

3

promulgated or directed the enforcement of the policy. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985), but a suit against a state official seeking prospective injunctive relief from unconstitutional state action is not a suit against the state, even if the state is the real party in interest. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14; *Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997). Under the exception in *Ex Parte Young,* 209 U.S. 123 (1908), "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham,* 473 U.S. at 167 n.14). The secretary of the CDCR and the warden would not have liability under a respondeat superior theory, however, because that theory does not apply in a § 1983 action. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

C.  Plaintiff's Request To Amend

While this court was considering the res judicata question in 2011, plaintiff filed a "conditional request to amend complaint" to present one or more claims that would "allow this court to revisit, precisely a claim that was litigated 16 years ago [in *Madrid*] . . . the constitutionality of the conditions here in the SHU" at Pelican Bay. Docket # 11 at 2. This court denied the conditional request because plaintiff's identified condition precedent had not been met, i.e., the complaint had not survived the order to show cause. *See* Docket # 13 at 11-12. The Ninth Circuit reversed and remanded on this point the condition precedent would have been met but for the erroneous dismissal of the debriefing claim. *See Gonzales*, 739 F.3d at 1235. Accordingly, plaintiff may amend as he indicated in his conditional request to amend.

Plaintiff must allege his claim(s) regarding the SHU conditions in his amended complaint. In that amended complaint, he must limit his allegations to facts that existed *for him*, rather than to present allegations about conditions that may have been experienced by other inmates but not by him. "[A] litigant appearing in propria persona has no authority to represent anyone other

4

than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class). Plaintiff may pursue claims only about violations of his own rights.[1]  Any other prisoner who wants to pursue a claim about a violation of his own rights must file his own civil action.

The court notes that the original 61-page complaint was needlessly long-winded because it included legal argument and general observations about the gang validation process, neither of which belong in a pleading. In his amended complaint, plaintiff must focus on the facts, rather than his opinions and legal argument. Although a complaint or amended complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint or amended complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

Plaintiff also must be careful to link one or more defendants to his claim(s) regarding the SHU conditions. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). If he wants to name supervisors as defendants, he must allege (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional

---

[1] For example, since plaintiff allegedly was placed in the SHU in 2007, the conditions that existed in earlier years are not relevant to his claim and should not be alleged. As another example, if plaintiff was never put in a cell with a Lexan front or on a short corridor housing unit, those conditions are not relevant to his claim and should not be alleged.

violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **May 30, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he may not reassert his claims regarding the gang validation. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action.

On appeal, counsel was appointed to represent plaintiff "for purposes of this appeal only." *See* Docket # 16-1 in *Gonzales v. CDCR*, Ninth Cir. No. 11-15851. It thus appears that plaintiff once again is representing himself as this action goes forward in the district court. If appellate counsel wants to continue to represent plaintiff in the district court, counsel must file a notice of appearance no later than **May 12, 2014**. If counsel has not already done so, the court recommends that appellate counsel promptly communicate with plaintiff to let him know whether counsel's representation has concluded. To facilitate compliance with this paragraph, the clerk will mail a copy of this order to the attorney listed as counsel of record on the appeal: Jeremy B. Rosen, Horvitz & Levy LLP, 18th Floor, 15760 Ventura Boulevard, Encino, CA 91436.

IT IS SO ORDERED.

Dated: April 28, 2014

_____
SUSAN ILLSTON
United States District Judge