UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GONZALES,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; et al.,

    Defendants.

No. C 10-1317 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

On March 22, 2011, this *pro se* prisoner's civil rights action was dismissed because nineteen of the twenty claims in the complaint were barred by the doctrine of res judicata and plaintiff lacked standing to assert the twentieth claim. *See* Docket # 13. The court also denied plaintiff's "conditional" request to amend the complaint. *See id.* at 12. Plaintiff appealed. The Ninth Circuit affirmed in part, reversed in part, and remanded the action in *Gonzales v. California Dept. of Corr.*, 739 F.3d 1226 (9th Cir. 2014). On April 28, 2014, the court ordered plaintiff to file an amended complaint because his complaint was deficient as to the one claim on which the Ninth Circuit reversed – i.e., a debriefing claim that the Ninth Circuit determined he had standing to assert -- and plaintiff had indicated he wants to file an amended complaint to assert an additional claim. Plaintiff then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, plaintiff "seeks only declaratory and injunctive, rather than monetary relief." Docket # 29 at 1; *see also id.* at 23. The amended complaint has only four defendants, each of whom took part in the complained-of policies, practices and customs, and each of whom is "sued in his official capacity only." *Id.* at 3-4. The amended complaint alleges that plaintiff's indefinite and long-term placement in the security housing unit (SHU) violates his Eighth Amendment right to be free of cruel and unusual punishment and that the absence of adequate periodic reviews of his retention in the SHU violates his Fourteenth Amendment right to due process. Among other things, the amended complaint alleges that the requirement that prisoners debrief to get out of the SHU violates the Eighth Amendment because prisoners who debrief "incur[] a substantial risk of serious harm and retaliation to themselves and their families." Docket # 29 at 17.

The allegations in the amended complaint track very closely the allegations in the second amended complaint in *Ashker v. Brown*, N. D. Cal. No. C 09-5796 CW, and in most places are copied word-for-word from the *Ashker* pleading. *Ashker* has been certified to proceed as a class action.

## DISCUSSION

An individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action" suit involving the same subject matter); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action.")

2

This action must be dismissed because plaintiff is in the plaintiff class in a pending class action in which the same claims are alleged and the same relief is requested. In *Ashker*, the court granted a motion for class certification and certified two classes on June 2, 2014. The court certified a "Due Process Class" consisting of "all inmates who are assigned to an indeterminate term at the Pelican Bay SHU on the basis of gang validation, under the policies and procedures in place as of September 10, 2012." *Ashker*, Docket # 317 at 21. The court also certified an "Eighth Amendment Class" of "all inmates who are now, or will be in the future, assigned to the Pelican Bay SHU for a period of more than ten continuous years." *Id.* Plaintiff is a member of both of those classes. He is a member of the Due Process Class because he in the Pelican Bay SHU following a gang validation. He is a member of the Eighth Amendment class because he was given an indeterminate SHU term, has been in the Pelican Bay SHU since 2007, and has a very lengthy prison sentence remaining. *See People v. Gonzales*, 2005 WL 273165 (Cal. Ct. App. 2005) (Gonzales' sentence is 15-years-to-life plus a determinate term of 52 years and 4 months following his convictions for attempted murder, discharge of a firearm from a motor vehicle at another person, assault with a semiautomatic firearm, carrying a loaded firearm while an active participant in a criminal street gang, and possession of a firearm by a convicted felon).

Plaintiff's Eighth and Fourteenth Amendment claims and prayer for relief are almost all a handwritten copy of the typed second amended complaint in *Ashker*. Plaintiff's prayer for relief regarding due process differs from that in *Ashker* in two minor respects, but his requests are subsumed in the more general prayer for relief in *Ashker*, which seeks a declaration that the "policies and practices of confining prisoners in the Pelican Bay SHU violate the Eighth and Fourteenth Amendments to the United States Constitution," and an injunction providing for meaningful review for the continued need for confinement in the SHU. *See Ashker*, Docket # 136 at 47. With respect to the debriefing allegations, all the allegations and the prayer for relief in plaintiff's amended complaint duplicate those in the *Ashker* second amended complaint. *Compare* Docket # 29 at 2-3, 8, 10, 12, 14-15, 17, 19, 21 and 23 *with Ashker*, Docket # 136 at 3-4, 17-18, 21, 26-27, 31-34, 41, and 43-46. Because plaintiff is in the SHU on an indefinite term following his gang validation and claims that the conditions of the SHU including the

debriefing policy violate his Eighth Amendment rights and the reviews of his retention in the SHU violate his Fourteenth Amendment rights, his requests for declaratory and injunctive relief fit directly within the subject matter of the *Ashker* class action and must be pursued through that litigation. *See Pride*, 719 F.3d at 1136-37.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. The court shall close the file.

IT IS SO ORDERED.

Dated: September 11, 2014

_____
SUSAN ILLSTON
United States District Judge

4