UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICKY GONZALES,

    Plaintiff,

    v.

CALIFORNIA DEPARTMENT OF CORRECTIONS; et al.,

    Defendants.

                                        /

No. C 10-1317 SI (pr)

**ORDER GRANTING RECONSIDERATION AND REVIVING EIGHTH AMENDMENT CLAIMS**

## INTRODUCTION

The court dismissed this action a few weeks ago because the claims asserted in the amended complaint were covered in a pending class action in which plaintiff was a member of the plaintiff-class. Plaintiff now moves for reconsideration of the dismissal of his Eighth Amendment claims. The court will grant the motion for reconsideration and vacate the dismissal of the Eighth Amendment claims. The court does not vacate the dismissal of plaintiff's due process claims.

## BACKGROUND

In his amended complaint, plaintiff sought "only declaratory and injunctive, rather than monetary relief." Docket # 29 at 1; *see also id.* at 23. The amended complaint had only four defendants, each of whom took part in the complained-of policies, practices and customs, and each of whom was "sued in his official capacity only." *Id.* at 3-4. The amended complaint alleged that plaintiff's indefinite and long-term placement in the harsh environs of the security

1  housing unit (SHU) violated his Eighth Amendment right to be free of cruel and unusual
2  punishment and that the absence of adequate periodic reviews of his retention in the SHU
3  violated his Fourteenth Amendment right to due process. Among other things, the amended
4  complaint alleged that the requirement that prisoners debrief to get out of the SHU violated the
5  Eighth Amendment because prisoners who debrief "incur[] a substantial risk of serious harm and
6  retaliation to themselves and their families." Docket # 29 at 17.

7  The allegations in the amended complaint tracked very closely the allegations in the
8  second amended complaint in *Ashker v. Brown*, N. D. Cal. No. C 09-5796 CW, which had
9  recently been certified to proceed as a class action.

10  On September 10, 2014, the court dismissed this action because it duplicated the
11  allegations and prayer for relief in *Ashker*. The court explained:

> This action must be dismissed because plaintiff is in the plaintiff class in a pending class action in which the same claims are alleged and the same relief is requested. In *Ashker*, the court granted a motion for class certification and certified two classes on June 2, 2014. The court certified a "Due Process Class" consisting of "all inmates who are assigned to an indeterminate term at the Pelican Bay SHU on the basis of gang validation, under the policies and procedures in place as of September 10, 2012." *Ashker*, Docket # 317 at 21. The court also certified an "Eighth Amendment Class" of "all inmates who are now, or will be in the future, assigned to the Pelican Bay SHU for a period of more than ten continuous years." *Id.* Plaintiff is a member of both of those classes. He is a member of the Due Process Class because he in the Pelican Bay SHU following a gang validation. He is a member of the Eighth Amendment class because he was given an indeterminate SHU term, has been in the Pelican Bay SHU since 2007, and has a very lengthy prison sentence remaining. *See People v. Gonzales*, 2005 WL 273165 (Cal. Ct. App. 2005) (Gonzales' sentence is 15-years-to-life plus a determinate term of 52 years and 4 months following his convictions for attempted murder, discharge of a firearm from a motor vehicle at another person, assault with a semiautomatic firearm, carrying a loaded firearm while an active participant in a criminal street gang, and possession of a firearm by a convicted felon).
>
> Plaintiff's Eighth and Fourteenth Amendment claims and prayer for relief are almost all a handwritten copy of the typed second amended complaint in *Ashker*. Plaintiff's prayer for relief regarding due process differs from that in *Ashker* in two minor respects, but his requests are subsumed in the more general prayer for relief in *Ashker*, which seeks a declaration that the "policies and practices of confining prisoners in the Pelican Bay SHU violate the Eighth and Fourteenth Amendments to the United States Constitution," and an injunction providing for meaningful review for the continued need for confinement in the SHU. *See Ashker*, Docket # 136 at 47. With respect to the debriefing allegations, all the allegations and the prayer for relief in plaintiff's amended complaint duplicate those in the *Ashker* second amended complaint. *Compare* Docket # 29 at 2-3, 8, 10, 12, 14-15, 17, 19, 21 and 23 *with Ashker*, Docket # 136 at 3-4, 17-18, 21, 26-27, 31-34, 41, and 43-46. Because plaintiff is in the SHU on an indefinite term following his gang validation and claims that the conditions of the SHU including the debriefing policy violate his Eighth Amendment rights and the reviews of his retention

in the SHU violate his Fourteenth Amendment rights, his requests for declaratory and injunctive relief fit directly within the subject matter of the *Ashker* class action and must be pursued through that litigation. *See Pride*, 719 F.3d at 1136-37.

Docket # 30 at 3-4.

## DISCUSSION

Plaintiff moves for reconsideration of the dismissal of his Eighth Amendment claims. *See* Docket # 32.[1] Plaintiff argues that he is not a member of the Eighth Amendment Class in *Ashker* because that class "requires that its members be confined to PBSP SHU for ten continuous year[s] which is [a] mark that [he] won't reach until late 2017." *Id.* He also attaches a letter from class counsel in *Ashker* in which she states that plaintiff is a member of the Due Process Class but is "not a part of the" Eighth Amendment Class. Docket # 32 at 3.

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Plaintiff's motion for reconsideration is timely under Rule 59(e), as it was given to prison officials to mail less than two weeks after the entry of judgment. The motion also presents new evidence, i.e., the letter from class counsel, stating that plaintiff is not a member of the Eighth Amendment Class in *Ashker*. Class counsel's statement suggests that an inmate in the SHU graduates into the Eighth Amendment Class based upon the amount of time he has actually spent in the SHU, rather than the amount of time he reasonably could anticipate being there. There being no evidence to the contrary, the court will assume that class counsel's view of the plaintiff-class is correct. The short and simple motion for reconsideration convinces the court that the reason for dismissing the Eighth Amendment claims was incorrect and should not stand.

---

[1] Plaintiff "concede[s] that [he is] a member of the "Due Process Class" in *Ashker*. Docket # 32 at 1. Plaintiff does not seek reconsideration of the dismissal of his due process claims.

**CONCLUSION**

The motion for reconsideration is GRANTED. (Docket # 32.) The judgment (Docket # 31) is now VACATED. The order of dismissal is vacated as to the Eighth Amendment claims but remains in place as to the due process claims. The clerk shall REOPEN the action.

IT IS SO ORDERED.

Dated: September 30, 2014

_____
SUSAN ILLSTON
United States District Judge