UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RICKY GONZALES,<br><br>           Plaintiff,<br><br>      v.<br><br>EDMUND G. BROWN, et al.,<br><br>           Defendants. | Case No.  10-cv-01317-CW<br><br>ORDER DENYING MOTIONS FOR LEAVE TO AMEND AND FOR APPOINTMENT OF COUNSEL AND DIRECTING SERVICE OF EIGHTH AMENDMENT CLAIM<br><br>Re: Dkt. Nos. 40 and 41 |
|---|---|

On March 22, 2011, the Court dismissed Ricky Gonzales' pro se prisoner civil rights action because nineteen of his twenty asserted claims were barred by the doctrine of res judicata and he lacked standing to assert the twentieth claim.  See Doc. no. 13.  Plaintiff appealed.  The Ninth Circuit affirmed in part, reversed in part and remanded, holding that Plaintiff had standing to assert a debriefing claim.  The Court allowed Plaintiff to file an amended complaint to assert the debriefing claim and one additional claim.  In the amended complaint, Plaintiff asserted an Eighth Amendment claim that his indefinite and long-term placement in the security housing unit (SHU) violates his Eighth Amendment right to be free of cruel and unusual punishment and a Fourteenth Amendment claim that that the absence of adequate periodic reviews of his retention in the SHU violates his right to due process.  Plaintiff sought declaratory and injunctive relief against four Defendants sued in their

official capacities.

In a September 11, 2014 Order of Dismissal, the Court found that Plaintiff's allegations and prayers for relief were almost identical to the allegations and prayers for relief in the certified class action lawsuit, Ashker v. Brown, C 09-5796 CW (PR). The Court dismissed Plaintiff's claims because he "is in the plaintiff class in a pending class action in which the same claims are alleged and the same relief is requested" and his requests for relief must be pursued through the Ashker class action litigation. See Doc. no. 30 at 3-4.

On September 25, 2014, Plaintiff filed a motion for reconsideration arguing that he is not a member of the Eighth Amendment class in the Ashker litigation because he has been confined in the SHU for seven years and members of the Ashker class are required to have been confined in the SHU for at least ten years. See Doc. no. 32. On September 29, 2014, the Court granted the motion for reconsideration and vacated the dismissal of Plaintiff's Eighth Amendment claim; it did not vacate the dismissal of Plaintiff's due process claim. See Doc. no. 36.

On October 16, 2014, Plaintiff filed motions for leave to file a second amended complaint (SAC) and for the appointment of counsel. For the reasons stated below, these motions are denied and the Court orders service of Plaintiff's Eighth Amendment claim.

## DISCUSSION

I. Motion for Leave to File Second Amended Complaint

Plaintiff seeks leave to file a SAC to "salvage at least some portions of his due process claim that fall completely

2

outside the class action due process claim which Plaintiff concedes, as the court notes, that I am a class member of." Plaintiff cites specific paragraphs in his first amended complaint that he would delete in a SAC that would allegedly remove him from the Ashker class action due process claim.

Although Plaintiff characterizes this as a motion to amend his complaint, the Court construes it as a second motion to reconsider the previous order dismissing his Fourteenth Amendment due process claim. A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law."' McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). Plaintiff could have proposed amending his complaint in his first motion for reconsideration, but he did not. Plaintiff submits no grounds in this motion, that is, no newly discovered evidence, intervening change in the law or clear error by the Court, which would warrant reconsideration. Therefore, the motion for reconsideration is denied.

Furthermore, even as a motion for leave to file a SAC, the motion is denied. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations

3

and internal quotation marks omitted).  The decision to grant or deny a request for leave to amend rests in the discretion of the trial court.  California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

Plaintiff's amendment would be futile because the changes he proposes are so de minimis that the amended due process claim would not exclude him from the Ashker due process class. Plaintiff proposes to retain the following allegations in an SAC that he argues are not in the Ashker complaint: (1) inadequate notice provided to inmates when evidence is obtained regarding gang membership; (2) inability to investigate gang charges due to inmates' placement in solitary confinement in the SHU; and (3) inmates' inability to call witnesses at gang validation reviews.  Two other allegations Plaintiff would retain in an SAC pertain to the "improper" burden of proof required at validation reviews and insufficient written dispositions of those reviews.

As noted in the Court's Order of Dismissal, Plaintiff's specific requests for relief are subsumed in the more general prayer for relief in Ashker, which seeks a declaration that the policies and practices of confining prisoners in the Pelican Bay SHU violate the Fourteenth Amendment.  See Doc. no. 30 at 3. This is also true of the allegations Plaintiff proposes for an SAC.  Although the allegations may not be specified in the Ashker amended complaint, they are subsumed in Ashker's general allegations of lack of due process.  Accordingly, Plaintiff's motion for leave to file a SAC is denied.

II. Motion to Appoint Counsel

Plaintiff moves for the appointment of counsel; he

4

specifically requests appointment of the attorneys who are litigating the Ashker v. Brown class action. He states that "appointment of counsel will insure that my action is properly represented and a full and fair and just outcome is had."

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint volunteer counsel for "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

Here, exceptional circumstances requiring the appointment of counsel are not evident. Contrary to Plaintiff's contentions, his claim is not complex and, based upon his filings with the Court, he appears to be capable of articulating his arguments. Accordingly, his motion for appointment of counsel is denied.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for leave to file a SAC and for appointment of counsel are denied. Doc. nos. 40 and 41.

2. As previously found by the Court, Plaintiff's Eighth

5

1  Amendment claim for deliberate indifference to conditions of
2  confinement in the Pelican Bay SHU is cognizable.
3       The Clerk of the Court shall mail a Notice of Lawsuit and
4  Request for Waiver of Service of Summons, two copies of the
5  Waiver of Service of Summons, <u>a copy of the Amended Complaint
6  (Docket no. 29) and all attachments thereto and a copy of this
7  Order and the Court's Order Granting Reconsideration (Docket no.
8  36) to Defendants Edmund G. Brown, Jr. – Governor, State of
9  California; Jeffrey Beard – Secretary, California Department of
10 Corrections and Rehabilitation; Charles Dangerfield – Chief,
11 Office of Correctional Safety, Department of Corrections and
12 Rehabilitation; and C. E. Ducart – Warden, Pelican Bay State
13 Prison</u>.  The Clerk shall also mail a copy of the Amended
14 Complaint and a copy of this Order and the Order Granting
15 Reconsideration to the State Attorney General's Office in San
16 Francisco, and a copy of this Order to Plaintiff.
17      3.   Defendants are cautioned that Rule 4 of the Federal
18 Rules of Civil Procedure require them to cooperate in saving
19 unnecessary costs of service of the summons and complaint.
20 Pursuant to Rule 4, if Defendants, after being notified of this
21 action and asked by the Court, on behalf of Plaintiff, to waive
22 service of the summons, fail to do so, they will be required to
23 bear the cost of such service unless good cause be shown for
24 their failure to sign and return the waiver forms.  If service is
25 waived, this action will proceed as if Defendants had been served
26 on the date that the waiver is filed, except that pursuant to
27 Rule 12(a)(1)(B), Defendants will not be required to serve and
28 file an answer before <u>sixty</u> days from the date on which the

United States District Court
Northern District of California

request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

    4.   A briefing schedule for a dispositive motion is <u>not</u> set at this time.

    5. This Order terminates Docket numbers 40 and 41.

    IT IS SO ORDERED.

Dated:   October 29, 2014

_____
CLAUDIA WILKEN
United States District Judge

7